*Jeff Brown, for appellant.*

———, *for appellee.*

---

G. F. Hendron, etc., *v.* Olivia Adams, etc.

**Appeal—Verity of Record.**

> The verity of the record of the oath of office of a regular judge and of a special judge, cannot be considered by the Court of Appeals, where it is made to appear only in the brief of counsel.

**Judges—Regularity of Election—Presumption.**

> The fact that one of the plaintiffs in the court below was a married woman cannot destroy the presumption that the judge who decided the cause was properly chosen and sworn.

APPEAL FROM McCRACKEN CIRCUIT COURT.

March 6, 1873.

Opinion by Judge Pryor:

We find nothing in the case upon which to base an opinion except the petition, answer and exhibit filed.  The deposition of witness Dunn seems never to have been filed in the case, nor is there any agreement of record that it was to be read upon the hearing in the court below.

The record of the oath of office taken by the regular judge and afterwards by the special judge, who was elected during the term at which the present case was tried, can not be considered by this court. It is made to appear in the brief of counsel only, and it is certainly evident that the verity of the record can not be impeached in this way. The fact that one of the plaintiffs in the court below is a married woman will not destroy the presumption that the judge deciding the cause was properly chosen and sworn. It may be that he was the judge holding the entire term of the court, and such must be the judgment of this court, based upon the record before us. If Dunn's testimony, however, was in the case, there is still nothing in the record authorizing a recovery, as he makes no explanation of the manner and extent of the holding by any of the parties, nor is there any evidence as against these defendants that the plaintiffs were ever legally evicted off the land in dispute.

The judgment is *affirmed*.

*Marshall & Bloomfield, I. Campbell, Jr., Rodman, for appellant.*

*L. D. Husbands, for appellee.*